UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN J. BACH,

     Plaintiff,

v.                             Case No.:  6:20-cv-2406-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Steven J. Bach seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

On May 10, 2018, Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income, alleging disability beginning November 1, 2016. (Tr. 75, 76, 249-64). The applications were denied initially and on reconsideration. (Tr. 75, 76, 111, 112). Plaintiff requested a hearing and on April 14, 2020, a hearing was held before Administrative Law Judge John Loughlin ("ALJ"). (Tr. 40-66). On April 28, 2020, the ALJ entered a decision finding Plaintiff not under a disability from November 1, 2016, through the date of the decision. (Tr. 18-31).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on November 2, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 31, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 25).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 30, 2017. (Tr. 20). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2016, the alleged onset date. (Tr. 20). At step two, the ALJ found that Plaintiff had the following severe impairments: "lumbar

spine ankylosis and spondylolisthesis, status-post laminectomy and fusion; anxiety disorder; bipolar disorder; major depressive disorder; opioid use disorder; somatic symptoms disorder." (Tr. 20). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 21).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except he can stand and/or walk for up to 4 hours in an 8[-]hour workday and can occasionally push, pull and/or operate foot controls with both lower extremities. He can frequently balance, can occasionally stoop, kneel, crouch, and crawl, can occasionally climb stairs and ramps, can never climb ladders, ropes and scaffolds, and can occasionally be exposed to vibrations, unprotected heights and moving machinery parts. He is able to understand and remember simple instructions, make simple work[-]related decisions, carry out simple instructions, can occasionally deal with changes in a routine work setting, and can occasionally deal with coworkers and the public.

(Tr. 23).

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. (Tr. 29). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (30 years old on the alleged onset date),

education (at least high school), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 29-30). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)   silverware wrapper, DOT 318.687-018,[1] light, unskilled, SVP 2

(2)   mail sorter, DOT 209.687-026, light, unskilled, SVP 2

(3)   folder, DOT 369.687-018, light, unskilled, SVP 2

(Tr. 30). The ALJ concluded that Plaintiff had not been under a disability from November 1, 2016, through the date of the decision. (Tr. 31).

II.   **Analysis**

On appeal, Plaintiff raises one issue: whether the ALJ properly weighed the medical opinions of record based on an adequate rationale and substantial evidence when determining a residual functional capacity for light work. (Doc. 28, p. 13). Specifically, Plaintiff argues that the RFC for light work conflicts with the opinions of: (1) neurologist Gary Weiss, M.D.; (2) psychiatrist Amir Mirsajadi, M.D. and David Flett, LMHC; (3) orthopedic physician assistant Damien Velez, PA-C; and (4) emergency medicine specialist Mary Buggia, M.D. (Doc. 28, p. 14). In essence, Plaintiff argues that the ALJ did not properly consider these opinions and adopt their findings in the RFC.

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

The same legal standard applies to all of the medical sources' opinions.[2] The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1)

---

[2] At times, Plaintiff argues that the ALJ must state the particular weight of a given physician's opinion and the reasons therefor. (Doc. 28, p. 16). Recently, the Eleventh Circuit decided that the new regulations, specifically 20 C.F.R. § 404.1520c, apply to cases filed after March 27, 2017. *See Harner v. Soc. Sec. Admin., Comm'r*, No. 21-12148, 2022 WL 2298528, at *4 (11th Cir. June 27, 2022).

> Section 404.1520c falls within the express delegation to the Commissioner to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same" for adjudicating disability claims. *See* 42 U.S.C. § 405(a). And although the Act instructs administrative law judges to "make every reasonable effort to obtain from the individual's treating physician ... all medical evidence ... necessary" to make a proper disability determination, 42 U.S.C. § 423(d)(5)(B), the Act does not specify how this evidence is to be weighed. Because section 404.152c falls within the express delegation and is not "manifestly contrary to the statute," *see Chevron*, 467 U.S. at 844, 104 S. Ct. 2778, the regulation did not "exceed the [Commissioner's] statutory authority." *See Heckler*, 461 U.S. at 466, 103 S. Ct. 1952.

*Id.* at *3. Thus, the Court will consider the medical source opinion under the rubric of the new regulations.

supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a

statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

### 1.     Gary M. Weiss, M.D.'s Opinion

On March 23, 2020, Dr. Weiss saw Plaintiff for a neurological evaluation. (Tr. 937-40). Less than a month later, Dr. Weiss completed a Physical Restrictions Evaluation that included his opinions on Plaintiff's limitations. (Tr. 942-45). Plaintiff argues that the ALJ improperly considered Dr. Weiss's opinion.

The ALJ summarized Dr. Weiss's opinions as follows:

> [Dr. Weiss] asserted the claimant can sit a total of 3 hours, stand and/or walk for 2 hours, and must lay down 3 hours of the workday due to lower back pain and radiculopathy. Dr. Weiss rejected that a sit/stand option could enable the claimant to work, asserting he must elevate his legs every 1-2 hours. He further estimated the claimant would experience 25% off-task time and 3 or more days of absenteeism per month. He limited the claimant to lifting 5 pounds, occasionally balancing, never engaging in any other postural activities, and never using foot controls. He further opined the claimant cannot use his hands on a sustained basis for an 8-hour workday and should not be exposed to hazards or [ ]machinery.

(Tr. 27).

The ALJ found this opinion "lacks persuasive value." (Tr. 28). The ALJ reasoned that these findings are wholly inconsistent with the record and unsupported by Dr. Weiss's own examination of Plaintiff less than a month before the opinion. (Tr. 27). In a neurological evaluation, Dr. Weiss found Plaintiff had a normal gait and station, could toe and heel walk, and Romberg sign was negative. (Tr. 938). He also found Plaintiff's strength was normal and symmetric in all four extremities with no evidence of atrophy or fasciculations. (Tr. 938). His reflexes and sensation were normal. (Tr. 938). But Dr. Weiss did find some reduced range of motion in the lumbar spine, spasms, and tenderness. (Tr. 939). As to mental status, Dr. Weiss found Plaintiff alert, oriented, with no evidence of mood or thought disorder and with memory and other cortical functions grossly intact. (Tr. 938).

In finding Dr. Weiss's opinion inconsistent and unsupported, the ALJ noted that contrary to Dr. Weiss's limitation on the use of hands and lifting only 5 pounds, Plaintiff typically presented with full upper extremity strength and normal cervical spine functioning, including at Dr. Weiss's own examination of Plaintiff. (Tr. 27, 657-58, 740). And while Dr. Weiss found Plaintiff would need to elevate his feet, the only reference to elevated feet was a benign swelling condition that had been present for years. (Tr. 27). Plaintiff argues that logically a patient with low back pain would get relief from lying down or reclining, but this is supposition is not supported

by Dr. Weiss's evaluation of Plaintiff. (Doc. 28, p. 18-19, Tr. 937-40). The ALJ also found no support in the record for Dr. Weiss's determination of the amount of absenteeism and off-task time for Plaintiff, as his treatment records and history of hospitalization do not equate to missing 3 days of work per month and other mental treatment records do not show debilitating concentration deficits. (Tr. 27-28). Plaintiff argues that the prescription medication, Xanax, and Abilify cause fatigue, dizziness, and drowsiness as found by a search of the internet. (Doc. 28, p. 19). But other than Plaintiff's subjective complaint of daytime fatigue, Dr. Weiss found Plaintiff alert and oriented with no mention of fatigue during the evaluation. (Tr. 937-40). The ALJ listed multiple reasons to find Dr. Weiss's opinion inconsistent with his own evaluation and unsupported by other evidence of record. Substantial evidence supports the ALJ's decision to find Dr. Weiss's opinion unpersuasive.

### 2.    Opinions of Amir Mirsajadi, M.D. and David Flett, LMHC

Plaintiff saw Licensed Mental Health Counselor David Flett beginning in February 2019 through May 2019 due to chronic back pain, depression, and anxiety. (Tr. 804-805). Plaintiff treated with Dr. Mirsajadi from May 2019 through the relevant time period. (Tr. 751-52, 906-907, 911-912, 917-918). LMHC Flett and Dr. Mirsajadi jointly completed a Medical Opinion Re: Ability To Do Work-Related Activities (Mental) on March 24, 2020. (Tr. 926-28).

The ALJ summarized their opinions, which included finding Plaintiff seriously limited in memory, maintaining work attendance and routine, and working near others without distraction. (Tr. 29). The ALJ also noted that they found Plaintiff lacking in ability to do skilled work, paying attention for two hours, maintaining pace, dealing with work stress, responding to changes, and completing a workday without psychological interruptions as well as be absent from work four days per month. (Tr. 29).

The ALJ found Dr. Mirsajadi and LMHC Flett's opinions to be unpersuasive for these reasons:

> These assessments are grossly inconsistent with the treatment record, including recent treatment notes from Drs. Mirsajadi and Flett themselves, which noted the claimant with clear thought content, adequate insight and judgment, normal memory, and improvement of anxiety and mood swings with optimized medications (B28F; B30F; B33F). Likewise, the medical evidence does not support such a prohibitive level of absenteeism, as his treatment record and history of hospitalization do not equate to missing 4 days of work per month and do not establish debilitating concentration deficits (B15F/3; B24F/2; B28F/2; B33F/2). Therefore, despite their history of examining and treating the claimant, their opinions are unpersuasive.

(Tr. 29). Plaintiff argues that Dr. Mirsajadi and LMHC Flett noted Plaintiff experienced panic attacks, had difficulty focusing and had poor memory. (Doc. 28, p. 19). But LMHC Flett and Dr. Mirsajadi's records show Plaintiff was oriented, memory appeared intact, thought process logical, thought content focused and clear, normal general appearance, and attitude and memory within normal limits. (Tr. 751,

804, 907, 918). As the ALJ explained, the medical sources' records are inconsistent with their opinions and the medical records do not support the extreme limitations found by them. Thus, substantial evidence supports the ALJ's determination to find the opinions of Dr. Mirsajadi and LMHC Flett unpersuasive.

### 3. Mary Buggia, M.D.'s Opinion

On February 7, 2019, Mary Buggia, M.D. performed a consultative examination. (Tr. 736-42). The ALJ noted that she found essentially normal upper extremity strength, diminished lower extremity strength, which was worse on the left side, modestly diminished lower extremity reflexes, and reduced lumbar range of motion. (Tr. 27). The ALJ noted that Dr. Buggia concluded that Plaintiff "could not sit, stand, or walk at all in an 8-hour workday, and would be limited to lifting and carry 5 pounds or less with either upper extremity." (Tr. 27). The ALJ found:

> The examination findings and overly restrictive limitations far exceed other objective evidence in the record, which generally showed normal or mildly diminished lower extremity strength, better spinal mobility, and a normal unassisted gait not indicative of such restrictions (B14F/5-6; B17F/5; B19F/7; B25F/50; B38F/4). The claimant's own statements and self-reported daily activities also suggest he is capable of a much greater level of activity, including riding a bike or a scooter, doing light chores, and sitting up to 90 minutes at a time (Hearing Testimony; B5E/2-6). Furthermore, I note this examination occurred shortly after the claimant's spine conditions were exacerbated by an infection of his paraspinal muscles, with subsequent examinations showing significant functional and symptomatic recovery (B17F/5; B18F/1; B25F/49-51; B38F/4). Considering these gross inconsistencies and the limited support of only a one-time examination, I find Dr. Buggia's opinion wholly unpersuasive.

(Tr. 27). In sum, the ALJ found Dr. Buggia's opinion inconsistent with some findings in her evaluation and unsupported by the other objective evidence in the record, and noted that Plaintiff's condition was exacerbated by an infection at the time of the evaluation that later showed significant functional and symptomatic recovery. (Tr. 27). Substantial evidence supports the ALJ's decision to find Dr. Buggia's opinion unpersuasive.

### 4.    Damian L. Velez, PA-C

On January 18, 2018, Plaintiff saw PA Velez for low back pain. (Tr. 635-37). He determined that Plaintiff has moderate to mildly severe spinal stenosis and the objective findings support Plaintiff not going to work. (Tr. 637). He found Plaintiff unable to work and even sedentary work would be difficult, especially as to concentration while he was taking narcotic medication. (Tr. 637). The ALJ determined that PA Velez's opinion that he is incapable of even sedentary work is an issue reserved to the Commissioner "and such conclusory statements are regarded as neither valuable nor persuasive on the issue of whether the claimant is disabled for Social Security disability purposes." (Tr. 28).

An opinion for a medical source must include what a plaintiff can still do despite his impairments and whether he has one or more impairment-related limitations or restrictions in the certain functional abilities. (Doc. 29, p. 18, citing 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2)). PA Velez's conclusion that Plaintiff is

unable to work does not constitute a medical opinion under the new regulations. (Tr. 637). *See Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) (finding that the RFC determination and ability to work is within the province of the ALJ, not of doctors). Thus, substantial evidence supports the ALJ's finding that PA Velez's opinion is unpersuasive.

While these medical sources' opinions may have some consistency with each other and indicate some limitations, the ALJ provided substantial evidence to find each opinion unpersuasive. The Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). While Plaintiff cites some evidence that may support finding any or all of these opinions persuasive, Plaintiff must do more than point to evidence in the record that supports his allegations. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). He must show the absence of substantial evidence supporting the ALJ's conclusion. *Id.* Here, when applying the correct legal standard, the ALJ listed many reasons to support his decision in finding each of these medical sources' opinions unpersuasive. These reasons constitute substantial evidence in support of the ALJ's determination that these opinions are unpersuasive. Thus, the Court finds no error.

### III.    Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 1, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties